NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0183n.06
Filed: December 20, 2004

No. 03-6117

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ANDREW D. BARTLEY, | ) | |
| | ) | |
| Plaintiff–Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JO ANNE B. BARNHART | ) | EASTERN DISTRICT OF KENTUCKY |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant–Appellee. | ) | |

Before: GUY and SUTTON, Circuit Judges; CARR, District Judge.[*]

SUTTON, Circuit Judge. Andrew Bartley began receiving Child's Insurance Benefits in 1993, a form of disability benefits, when he was 25 years old. The government terminated his benefits on January 1, 1997, in the aftermath of Congress's passage of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, 110 Stat. 847, which eliminated disability benefits where drug addiction or alcoholism was a "contributing factor material to the Commissioner's determination" of disability. *Id.* § 105(a)(1). An administrative law judge (ALJ) upheld the

_____

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

termination, and the Appeals Council denied review of the matter.  The district court affirmed the

ALJ's decision, and we now affirm that judgment.

I.

Andrew Bartley did not have an easy childhood.  He was considered a discipline problem

by his mother and teachers and, on at least one occasion, was suspended from school for fighting.

Health-care professionals diagnosed him with an attention disorder, suggested that he may be

hyperkinetic and treated him with hyperactivity medication.  At the age of ten or eleven, he was

sexually abused by his stepfather.  His stepfather was also emotionally abusive and allowed him to

drink alcohol and smoke marijuana beginning when he was ten years old.

Bartley has spent much of his adult life being treated for substance abuse.  Health-care

professionals consistently diagnosed him with drug and alcohol dependence, but at times would

suggest the presence of other conditions.  In March 1989, an evaluating psychologist diagnosed

Bartley, then twenty, with substance abuse, "adjustment disorder with anxious features" and a

"potential past history of hyperactivity."  JA 785.  The psychologist recommended vocational

counseling, drug and alcohol counseling, and psychiatric intervention to help him stabilize his

anxiety disorder. In August of that year, another physician diagnosed him with Atypical Depression

and Mixed Substance Abuse, but did not prescribe medication because Bartley demonstrated only

"slight depression . . . with no suicidal ideation."  JA 773.  The physician recommended drug and

alcohol counseling and psychotherapy.  In 1992, while undergoing detoxification treatment, the

medical staff sent Bartley to an emergency room due to elevated blood pressure. The physician diagnosed Bartley with high blood pressure and prescribed medication.

In 1992, Bartley also applied for disability benefits listing the following disabling conditions: drug and alcohol addiction, high blood pressure and lung problems associated with drug and alcohol abuse. In explaining how his conditions kept him from working, Bartley wrote, "Felony conviction, drug related charge, not being physically able to do work, would get a job if found one, though. I can hold a job when I am straight. I just can't stay straight." JA 119. On December 22, 1993, the Social Security Administration awarded Bartley disability benefits. The Disability Determination and Transmittal form lists Bartley's primary and secondary diagnoses as "psychoactive substance dependence disorders," and the accompanying Disability Determination Rationale form states that Bartley satisfied the requirement of disability because "both drug abuse and alcoholism contribute to the findings of disability." JA 243. The form does not list any other disabling conditions.

In 1996, Congress passed the Contract with America Advancement Act, which among other things eliminated disability benefits when drug addiction or alcoholism was a "contributing factor material to the Commissioner's determination" that the individual is disabled. Pub. L. No. 104-121 § 105(a)(1). In accordance with this provision of the Act, the Social Security Administration terminated Bartley's benefits effective January 1, 1997.

Bartley asked the Social Security Administration to review the termination, but it upheld the finding of non-disability. Attempting to challenge this finding, Bartley requested a hearing before

an administrative law judge and was granted an initial hearing on July 13, 1998, as well as a supplemental hearing on November 16, 1999.

At the two hearings, Bartley testified to the following. He began using drugs at the age of ten and has been in and out of treatment facilities since the age of twenty. His longest, though not only, period of sobriety was eight months.

His work experience included occasional lawn mowing, a janitorial position at '84 Lumber for four months during the summer of 1997 and a part-time job delivering pizzas (which he held at the time of the second hearing). While he has started vocational programs in electricity and auto mechanics, he has yet to complete either of them.

Once or twice a week, Bartley takes 30-minute walks, and he can lift 50 to 100 pounds without a problem. He builds model cars and model rockets, shops for his own groceries and lives alone in an apartment that he keeps relatively clean. Since 1997, when the government terminated his benefits, his mother has supported him in exchange for odd-job work around her house.

He claims to have trouble breathing, to experience shortness of breath when walking and to become easily fatigued from standing or sitting for an extended period of time. He has been treated for lung infections and has used asthma inhalers in the past. In spite of these pulmonary complaints, Bartley smokes two packs of cigarettes a day. He also complained of problems with concentration, in dealing with stress, in dealing with others and with depression.

At the conclusion of the first hearing, the ALJ noted that the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV), and other medical literature require a period of sobriety before one can identify a non-substance-related disorder. He enlisted the help of Dr. Elliot Spanier, a medical expert and psychologist, to examine the record to determine whether symptoms of a mental illness were present during Bartley's periods of sobriety. In responding to the ALJ's interrogatories, Spanier concluded that Bartley had no "significant predating psychological disorder" and while problems existed prior to his substance abuse—child sex abuse, the death of a parent and hyperactivity in childhood—there was "nothing that comes close to a disability." JA 746. Spanier found no evidence of any mental condition during the times that Bartley was sober that met a Subpart P, Appendix 1 Listing, specifically noting the absence of conditions equivalent to Listings 12.02 (organic disorders), 12.04 (effective disorders), 12.06 (anxiety disorders) or 12.08 (personality disorders). The only Listing applicable to Bartley, Dr. Spanier found, was 12.09 (Substance Abuse Disorder), which has been present since 1988.

The ALJ also asked Dr. Spanier about the relationship between substance abuse and psychological disorders in response to Bartley's suggestion that a psychological disorder caused his substance abuse. JA 746. "Psychological problems," Dr. Spanier responded, "do not cause substance abuse. Substance abuse [was] considered a disease in 1999 by psychiatrists . . . . Prior problems can be a contributing factor, but most people with substance addiction have problems created by the addiction not caused by it." JA 746.

In rendering his opinion, the ALJ undertook the requisite five-step evaluation for disability

determinations under 20 C.F.R. § 404.1520:

If the claimant is performing substantial gainful work, he is not disabled.

If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled.

If the claimant is not performing substantial gainful work, and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months and his impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry.

If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Even if the claimant's impairment (or impairments) prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled. If work does not exist in significant numbers, and it is concluded that he is "disabled," it must be determined [whether] substance abuse is a factor material to that determination.

JA 19.

At step one, the ALJ found that Bartley had not engaged in any substantial gainful work

activity since the alleged onset date of his disability.

At step two, the ALJ found that Bartley did not meet his burden of proof to establish "a

severe, non-substance induced psychopathology that would remain absent his polysubstance abuse."

JA 22. He found that the periods of sobriety were "rare and brief" but sufficient to determine that

- 6 -

"the claimant has no non-substance abuse psychopathology." JA 28. The ALJ did find, however, that Bartley had severe substance abuse, borderline intellectual functioning and lung disease.

At step three, the ALJ determined that these impairments did not singly or in combination meet or equal a Listed Impairment in Subpart P, Appendix 1.

At steps four and five, the ALJ determined that Bartley is capable of making a successful adjustment to a variety of jobs that exist in significant numbers in the national economy. The ALJ found that Bartley had no exertional limitations in performing work but had environmental limitations on working in excessive dust, fumes or gases due to his mild chronic obstructive pulmonary disease. According to the vocational expert, however, if his substance abuse limitations—which limit his ability to demonstrate reliability, function independently and use judgment—were taken into account, he would not be able to perform a significant number of jobs. JA 28. The ALJ found that "the materiality of the claimant's substance abuse to his disability is established by this opinion." *Id.* Based on the record, the ALJ determined that Bartley's "severe substance abuse . . . is a contributing factor material to his inability to work and thus, even if found 'disabled' he cannot [ ] receive benefits due to Public Law 104-121." JA 18. The district court affirmed the termination of Bartley's benefits, holding that substantial evidence supported both the ALJ's analysis under 20 C.F.R. § 404.1520 and his finding that drug abuse or alcoholism was a factor "material to" Bartley's determination of disability.

II.

On appeal, Bartley challenges two aspects of the ALJ's decision. He claims that the ALJ clearly erred in failing to find that he had a pre-existing psychological disorder. And he claims that the ALJ used a burden of proof that excluded the possibility that mental illness caused Bartley's substance abuse.

We review the district court's grant of summary judgment in favor of the Commissioner de novo, *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1069 (6th Cir. 1992), and will uphold the ALJ's findings if substantial evidence supports them, *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Ample evidence supports the ALJ's finding that Bartley did not have a pre-existing psychological disorder. Dr. Spanier stated that while Bartley had problems before he started using drugs, "nothing [came] close to a disability." JA 746. In his initial application for benefits in 1992, Bartley claimed disability based only on substance abuse, high blood pressure and lung problems associated with drug addiction and alcohol abuse. He did not claim to be suffering from any additional mental illness. Throughout Bartley's twenty-plus years of psychological evaluations, moreover, health-care officials consistently diagnosed Bartley with substance abuse. The record does not establish a disabling mental illness.

In response, Bartley points to the 1997 evaluation of a psychologist, who said "[h]e also evidences borderline personality traits, possible borderline personality disorder. This may count in large part for his substance abuse also." JA 269. Bartley adds that in 1978 he was diagnosed with a "hyperkinetic reaction of childhood;" in 1989, he was diagnosed with atypical depression and mixed substance abuse; and that at least one physician noted that treatment for anxiety disorder may

help him. Bartley Br. at 1. All of this, however, amounts at most to isolated statements. None of this evidence establishes that any of these disorders currently exist, that they are severe, that they meet a listed impairment or that they—absent his substance abuse—limit his ability to work. Substantial evidence, in short, supports the ALJ's finding.

Also unavailing is Bartley's contention that the ALJ adopted an incorrect burden of proof, which excluded consideration of a mental illness that causes substance abuse. Under the applicable federal law, drug addiction or alcoholism may not be a material contributing factor to a disability finding. *See* Pub. L. No. 104-121 § 105(a)(1). In accordance with this restriction, the ALJ looked to periods of sobriety in the record to determine whether Bartley suffers from a work-limiting mental illness independent of substance abuse. That analysis is fully consistent with 20 C.F.R. § 416.935:

> The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> In making this determination, we will evaluate which of your current physical and mental conditions, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 CFR § 416.935 (b)(1), (b)(2).

Nor, contrary to Bartley's contention, does this analysis compel the ALJ to exclude evidence of a mental condition that causes substance abuse. The ALJ remains free—and was free—to consider the limitations of a mental condition when such limitations exist after a claimant stops abusing substances, regardless of the causal relationship between the mental illness and substance

abuse. The problem was that Bartley did not introduce evidence of *any* mental illness that produced disabling limitations during the times he stopped using drugs.

Bartley, finally, argues that when it is not possible to segregate disability limitations caused by substance abuse as opposed to other mental disorders, a finding of "not material"—meaning that drug or alcohol use is not a contributing factor material to a finding of disability—is appropriate. We agree with the ALJ that we need not reach that argument. Here, Bartley had sufficient periods of sobriety—one eight months long—to determine whether a disabling mental disorder exists independent of substance abuse.

## III.

For these reasons, we affirm the judgment of the district court.